# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK

KENNETH EDWIN FOUNTAINE,

                    Plaintiff,

-vs-

ANDREW M. SAUL, COMMISSIONER OF SOCIAL SECURITY[1],

                    Defendant.

DECISION AND ORDER

17-CV-6087 CJS

## INTRODUCTION

**Siragusa, J.** This Title XVI Social Security appeal is before the Court to review the final decision by the Commissioner. For the reasons stated below, this matter must be remanded for a rehearing.

## PROCEDURAL BACKGROUND

This Social Security appeal is before the Court on cross-motions for judgment on the pleadings by the parties. Plaintiff filed for benefits on June 19, 2013, alleging that his disability began on March 21, 2013. He claims he suffers from degenerative disc disease, hypertension, a vitamin D deficiency, and high cholesterol. The Social Security Administration denied his claim initially, and he appeared for a hearing before the ALJ.

---

[1] The president nominated Andrew M. Saul to be Commissioner of Social Security and the Senate confirmed his appointment on June 4, 2019. He is substituted pursuant to Fed. R. Civ. P. 25(d). The Clerk is directed to amend the caption to comply with this substitution.

An administrative law judge ("ALJ") issued a decision on November 4, 2015, finding Plaintiff had the following severe impairments: "degenerative disc disease, hypertension, a vitamin D deficiency, and high cholesterol." R. 26. Nevertheless, she determined that Plaintiff was able to perform sedentary work with some limitations. Plaintiff appealed to the Social Security Administration's Appeals Counsel and that body denied his request for review on December 9, 2016, making the ALJ's decision the Commissioner's final decision. Plaintiff filed this lawsuit on February 9, 2017.

## STANDARD OF REVIEW

Title 42 U.S.C. § 405(g) grants jurisdiction to district courts to hear claims based on the denial of Social Security benefits. Section 405(g) provides that the District Court "shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g) (2007). It directs that when considering a claim, the Court must accept the findings of fact made by the Commissioner, provided that such findings are supported by substantial evidence in the record. Substantial evidence is defined as "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *see also Metro. Stevedore Co. v. Rambo*, 521 U.S. 121, 149 (1997).

To determine whether substantial evidence supports the Commissioner's findings, the Court must "examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn." *Brown v. Apfel*, 174 F.3d 59, 62 (2d Cir. 1999) (quoting *Mongeur v. Heckler*, 722 F.2d 1033, 1038 (2d Cir. 1983) (per curium)). Section 405(g)

limits the scope of the Court's review to two inquiries: whether the Commissioner's findings were supported by substantial evidence in the record, and whether the Commissioner's conclusions are based upon an erroneous legal standard. *Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003); *see also Mongeur*, 722 F.2d at 1038 (finding a reviewing court does not try a benefits case *de novo*).

## ANALYSIS

The ALJ discounted the treating physician's medical source opinions and gave greater weight to the August 19, 2013, opinion of Michael Rosenberg, M.D., a consultative examiner. R. 28. Dr. Rosenberg concluded the following: "The claimant has moderate restriction in standing, walking, heavy lifting, and carrying due to the presence of back pain." R. 471. The ALJ found that the opinion of Rajendra Singh, M.D., Plaintiff's treating physician, that Plaintiff was "very limited in the ability to walk, stand, sit, push, pull, bend, lift, and carry," was conclusory and unsupported by the record. R. 28, 481. In Dr. Singh's report, "very limited" is defined as one to two hours in an eight-hour day. R. 481. In Dr. Rosenberg's report, the term "moderate restriction," is not defined.

With certain exceptions, the Commissioner's rules require that a treating physician's opinion be given controlling weight. The Commissioner promises that "[w]e will always give good reasons in our notice of determination or decision for the weight we give your treating source's medical opinion." 20 C.F.R. § 404.1527(c)(2) (Lexis Advance through the June 5, 2019 issue of the Federal Register. Title 3 is current through June 7, 2019). The Second Circuit has further stated that:

> To override the opinion of the treating physician, we have held that the ALJ must explicitly consider, inter alia: (1) the frequency, length, nature, and extent of treat-

ment; (2) the amount of medical evidence supporting the opinion; (3) the consistency of the opinion with the remaining medical evidence; and, (4) whether the physician is a specialist.... After considering the above factors, the ALJ must comprehensively set forth his reasons for the weight assigned to a treating physician's opinion.... The failure to provide good reasons for not crediting the opinion of a claimant's treating physician is a ground for remand.... The ALJ is not permitted to substitute his own expertise or view of the medical proof for the treating physician's opinion or for any competent medical opinion.

*Greek v. Colvin*, 802 F.3d 370, 375 (2d Cir. 2015) (internal citations, quotations and alterations omitted).

In *Ubiles v. Astrue*, No. 11-CV-6340T(MAT), 2012 U.S. Dist. LEXIS 100826 (W.D.N.Y. July 2, 2012), Judge Telesca of this Court found that the term "moderate limitations" by a consultative examiner was too vague to support the ALJ's Residual Functional Limitation ("RFC") finding:

> Although the ALJ stated that his summary RFC assessment was "supported by the consultative examiner's findings," R.24 (citing R. 118–20), the ALJ failed to evaluate the specific limitations contained in Dr. Naughten's opinion when assessing Plaintiff's RFC. Although the ALJ noted at Step 2 that Dr. Naughten opined that Plaintiff had "moderate limitations in standing, walking, climbing stairs, and lifting minor weights," R.22, the ALJ failed to state how it was consistent with the ALJ's RFC finding. As a result, it is unclear how Dr. Naughten's vaguely stated physical limitations are consistent with the RFC finding of sedentary work. R.120. See 20 C.F.R. § 405.370 (An ALJ is required to "prepare a written decision that explains in clear and understandable language the specific reasons for the decision."). Moreover, the statement by Dr. Naughten upon which the ALJ relied was entirely too vague to serve as a proper basis for an RFC. *See Hilsdorf*, 724 F. Supp.2d at 348 ("To demonstrate that Plaintiff was capable of light to sedentary work, the ALJ points to Dr. Park's statement that Plaintiff had 'limitations of a mild degree of lifting, bending, walking, standing, and pushing and pulling on arm controls.' This vague statement cannot serve as an adequate basis for determining Plaintiff's RFC.") (citation omitted).

*Ubiles*, 2012 U.S. Dist. LEXIS 100826, at *31–32. In a similar matter, the Second Circuit held that an examining doctor's opinion that a plaintiff "should be able to lift objects...of a mild degree of weight on an intermittent basis," was too vague to support that ALJ's RFC determination. *Selian v. Astrue*, 708 F.3d 409, 421 (2d Cir. 2013).

The ALJ also noted that Dr. Rosenberg's opinion was "consistent the [sic] course of treatment." R. 28. However, she also noted earlier in her decision that Plaintiff's "pain has reportedly begun to radiate to his right hip and is becoming progressively worse." R. 27, 468 (Dr. Rosenberg's report). The Commissioner contends that the ALJ's RFC determination was supported, in part, by the record of relatively conservative treatment Plaintiff received "for his allegedly debilitating pain." Comm'r Mem. of Law 12, Feb. 12, 2018, ECF No. 15-1. "As the ALJ noted in h[er] decision, Plaintiff's treatment consisted primarily of routine medication management and two analgesic injections." *Id*. Further, the Commissioner points out that when offered other options, also conservative in nature, Plaintiff did not follow through on a referral to an orthopedist, physical therapy, and aquatic therapy. *Id*. However, it is not surprising to the Court that Plaintiff did not follow-through on physical therapy since the ALJ noted that "physical therapy caused him more pain...." R. 29.

Plaintiff counters that, "[t]he ALJ's cursory analysis indicating the treatment notes do not support the extreme degree of limitation described by Dr. Singh is not supported by substantial evidence and fails to appreciate that Dr. Singh offers precisely the kind of detailed, longitudinal picture of Plaintiff's impairments and limitations favored by the regulations." Pl.'s Mem. of Law 15, Sept. 27, 2017, ECF No. 11-1. The Court notes that the Second Circuit has said that "[n]or is the opinion of the treating physician to be discounted merely because he has recommended a conservative treatment regimen." *Burgess v. Astrue*, 537 F.3d 117, 129 (2d Cir. 2008). In *Burgess*, the Second Circuit also stated,

> The fact that a patient takes only over-the-counter medicine to alleviate her pain may, however, help to support the Commissioner's conclusion that the claimant is not disabled if that fact is accompanied by other substantial evidence in the record, such as the opinions of other examining physicians and a negative MRI.

*Burgess*, 537 F.3d at 129. The Court notes here that Plaintiff was prescribed more potent pain

medications, and that his MRI results were not negative. The Court, therefore, determines that the ALJ's RFC determination is not supported by substantial evidence.

## CONCLUSION

Plaintiff's motion for judgment on the pleadings, ECF No. 11, is granted, and the Commissioner's cross-motion, ECF No. 15, is denied. This matter is remanded to the Commissioner pursuant to the fourth sentence of 42 U.S.C. § 405(g) for an expedited rehearing. The Clerk is directed to enter judgment and close this case.

IT IS SO ORDERED.

DATE: June 19, 2019
      Rochester, New York      <u>/s/ Charles J. Siragusa</u>
                                         CHARLES J. SIRAGUSA
                                         United States District Judge